# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2020

No. 18-31192

Lyle W. Cayce
Clerk

DONALD PHILLIPS,

      Plaintiff - Appellant

v.

C. GREEN, Officer; TRUDY PEARY, Officer; BRIAN BOUDREAUX, Nurse;
TRUDY REDDY,

      Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CV-490

Before BARKSDALE, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:*

At issue is defendants' being awarded summary judgment because
Donald Phillips, a Louisiana Department of Public Safety and Corrections
(DOC) inmate being held in a jail, failed to exhaust the administrative
remedies available to him—as required by the Prison Litigation Reform Act,
42 U.S.C. § 1997e(a) (PLRA)—before pursuing an action under 42 U.S.C.

---

\* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

No. 18-31192

§ 1983 or any other federal law.  Because he did not properly exhaust the available administrative remedies provided by the Iberville Parish Jail, his claims fail.  AFFIRMED.

I.

The material facts underlying this action are not disputed.  While Phillips was a DOC inmate housed in the Iberville Parish Jail, he suffered a stroke in November 2015 and was hospitalized.  Phillips was discharged from the hospital on 16 November and returned to the jail.  On 10 January 2016, approximately 55 days after his discharge, he filed a grievance form with the jail alleging, *inter alia*, inadequate medical treatment.

Phillips' grievance form was rejected as "[f]iled more than 30 days after event" and given back to him on 11 January.  Phillips signed and dated the rejection form.

Phillips next filed the action underlying this appeal in federal court, pursuant to 42 U.S.C. § 1983, also invoking supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, for a state-law negligence claim.  Officers Peavy and Green, Nurse Brian Boudreaux, and Trudy Reddy were named as defendants.  The court determined Officer Peavy was in fact Officer Trudy Peary; "Trudy Reddy" never appeared, and the jail stated no such person existed there.

Officers Green and Peary moved for summary judgment based on Phillips' "fail[ure] to exhaust the available administrative remedies prior to filing" his action, to which Phillips responded.  After determining Phillips had not exhausted his grievance, the court granted the officers' summary-judgment motion.  And because Phillips had likewise failed to exhaust his claims as to the other defendants, the court, *sua sponte*, dismissed Phillips' remaining claims as well.

No. 18-31192

II.

Phillips raises a number of contentions on appeal; primary among them is the assertion that he, as a DOC inmate, even though being held in the jail, should have had 90 days under Louisiana Administrative Code Title 22, § 325, rather than 30 days under the jail's administrative-remedy procedure, to file a grievance.  Because he failed to *properly* exhaust the administrative remedies available to him, however, the majority of his contentions, including his primary one, fail.  Phillips' alternative claim that the jail's administrative-remedy procedure was unavailable to him also fails.

It goes without saying that a summary judgment is reviewed *de novo*. *E.g.*, *Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019) (citation omitted). And, under the similarly familiar Federal Rule of Civil Procedure 56 standard, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law".  Fed. R. Civ. P. 56(a).

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted".  42 U.S.C. § 1997e(a).  As the Supreme Court has made clear, "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court", *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citation omitted), and the PLRA's "mandatory language means a court may not excuse a failure to exhaust, even to take [special] circumstances into account", *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016) (citation omitted).

In addressing exhaustion in *Woodford v. Ngo*, the Court confronted "the question whether a prisoner can satisfy the [PLRA's] exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative

grievance or appeal" and concluded, to the contrary, "that proper exhaustion of administrative remedies is necessary". 548 U.S. 81, 83–84 (2006) (citation omitted). Expanding on this concept, it stated that "proper exhaustion . . . means using all steps that [a correctional facility] holds out, and doing so *properly* (so that the [correctional facility] addresses the issues on the merits)". *Id.* at 90 (emphasis in original) (internal quotation marks and citation omitted). Importantly, to properly exhaust a claim, a prisoner must "compl[y] with [the correctional facility's] deadlines and other critical procedural rules". *Id.*

These "applicable procedural rules" that a prisoner must properly exhaust "are defined not by the PLRA, but by the [correctional facility] grievance process itself". *Jones*, 549 U.S. at 218 (citation omitted). And, our court takes a "strict approach" to the PLRA's exhaustion requirement, under which "mere substantial compliance with administrative remedy procedures does not satisfy exhaustion; instead, we have required prisoners to exhaust available remedies properly". *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010) (internal quotation marks and citations omitted).

Proper exhaustion is of crucial importance "because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings". *Woodford*, 548 U.S. at 90–91. "Requiring proper exhaustion . . . gives prisoners an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors." *Id.* at 94. This is essential to the PLRA's goals of not only "reduc[ing] the quantity and improv[ing] the quality of prisoner suits" but also "afford[ing] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case". *Porter v. Nussle*, 534 U.S. 516, 524–25 (2002).

No. 18-31192

The mandatory nature of exhaustion, however, "contains one significant qualifier:  the remedies must indeed be 'available' to the prisoner". *Ross*, 136 S. Ct. at 1856.  To be available, a grievance procedure must be "capable of use to obtain some relief for the action complained of".  *Id.* at 1859 (internal quotation marks and citation omitted).  By contrast, a grievance procedure is unavailable when:  (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use" because "no ordinary prisoner can discern or navigate it"; or (3) "prison administrators thwart inmates from taking advantage of [the] grievance process through machination, misrepresentation, or intimidation".  *Id.* at 1859–60 (citation omitted).

## A.

In this instance, pursuant to the jail's administrative-remedy procedure, an inmate's "Grievance must be received by the Warden or designee within 30 days of the complained incident".  Iberville Parish Jail Inmate Grievance Procedure, Procedure Section, Part A (filing a grievance).  The procedure further explains that "[a] Grievance may be rejected for the following reasons", including "[t]he grievance was received by the Warden or his designee more than thirty (30) days after the event upon which [it] is based".  *Id.*  Part B(1)(c) (screening).

As stated above, Phillips' grievance was filed some 55 days after his return from the hospital to the jail.  Because Phillips failed to comply with the jail's procedural rule establishing the deadline for filing a grievance, he did not *properly* exhaust his claims.  *See Jones*, 549 U.S. at 218; *Woodford*, 548 U.S. at 90.

No. 18-31192

B.

Phillips claims DOC inmates are entitled to 90 days to file a grievance; but, because he did not properly exhaust the administrative remedies provided to him by the jail in which he was being held, his claim must be dismissed unless the jail's procedure was unavailable. *See Ross*, 136 S. Ct. at 1858. Phillips contends the jail's administrative remedies were unavailable to him because: jail administrators provided no notice of the grievance procedure to inmates, rendering them opaque; and jail administrators thwarted inmates' ability to take advantage of the procedure by not providing notice, despite the procedure's requiring them to do so. Phillips further contends the lack of financial compensation as an available remedy rendered the jail's procedure a dead end, rather than an avenue to relief, and thus rendered administrative remedies unavailable.

1.

As stated, Phillips contends: he was not provided notice of the jail's administrative-remedy procedure; and, by failing to provide him notice, the jail's administrators thwarted his ability to take advantage of the procedure. We agree with the district court's concluding, to the contrary, that there is no genuine dispute of material fact as to notice's being given Phillips of the jail's administrative-remedy procedure.

It goes without saying that "[m]ere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment". *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (citations omitted). Accordingly, "[s]ummary judgment is appropriate . . . if the nonmovant fails to set forth specific facts, by affidavits or otherwise, to show there is a genuine [dispute of material fact] for trial". *Id.* at 1132 (citation omitted).

No. 18-31192

In moving for summary judgment, the officers asserted in their supporting memorandum that the jail's two-step administrative-remedy procedure was provided and explained to every inmate. As evidence supporting this assertion, they provided the declaration of Warden Edwards, which stated: "The Iberville Parish Jail has an administrative remedy procedure ('ARP') policy that is explained to all inmates at the facility and is attached hereto". Further, as stated, the officers attached to the memorandum in support of their motion for summary judgment the referenced procedure, which stated: "Upon assignment to, or incarceration in, the Iberville Parish Jail, employees and inmates will be informed of the provisions of this procedure in writing and by oral explanation, with an opportunity to ask questions and receive oral answers", and "[a] copy of this procedure will be available for inmate use". Iberville Parish Jail Inmate Grievance Procedure, Policy Section, Part C (notification).

In responding to the officers' motion and memorandum, Phillips' only references to notice were his unsubstantiated assertions in his opposition to summary judgment: "no notice had been provided of the 30 days restriction that differed from the [DOC] regulation"; and "Defendants have not offered any proof that Mr. Phillips was ever advised of their noncompliant rules". We agree with the district court's conclusion that these unsubstantiated assertions do not show the requisite genuine dispute of material fact as to Phillips' being on notice of the jail's ARP. Re-stated, there is no genuine dispute of material fact that: the procedure was available to Phillips; and prison administrators did not thwart his accessing it by failing to give notice.

2.

Regarding Phillips' contention that his seeking money damages, a remedy for which the jail's administrative-remedy procedure does not provide, renders the procedure "an impediment to a tort action rather than a bonafide

No. 18-31192

Administrative Remedy Procedure", the Court has rejected the assertion that an inmate seeking only money damages, like Phillips, need not exhaust a grievance procedure that does not provide for money damages. *Booth v. Churner*, 532 U.S. 731, 741 (2001) ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures". (citation omitted)). Phillips' contention that the unavailability of financial compensation as a remedy rendered all remedies unavailable is, therefore, foreclosed.

### III.

For the foregoing reasons, the judgment is AFFIRMED.

Judge Higginson concurs only in the judgment.